[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY AND MOTION FOR CONTEMPT
After a hearing on March 6, 2002, the following facts are found:
The defendant left his wife and child in late November 2001 shortly after being served with a writ, summons and complaint in this dissolution action. He removed to Nebraska with a woman and began to work and reside there. He left his position with J.C. Penney in Manchester where he earned nearly forty thousand dollars annually. In addition he earned about five thousand annually in the military reserves. In Nebraska he rejoined J.C. Penney but at an annual income of less than twenty thousand annually. He no longer attends reserve meetings and plans to retire. He will have no pension until he reaches age 60.
On December 17, 2001, the plaintiff sought pendente lite orders in this CT Page 2969 court. The defendant had not appeared pro se or by counsel. The motions filed by the plaintiff did not request alimony pendente lite although the complaint served on the defendant November 14, 2001 included such a request in the prayer for relief. On December 17, 2001, the plaintiff did not know where the defendant was residing although she knew he was working for $9.55 per hour. The court awarded custody of the minor child to the plaintiff, support in the amount of $133.04 (based upon his income from his 2000 tax return), alimony of $87, and private school tuition of $30.71, for a total of $250.75 weekly, effective upon notice to the defendant. The defendant received notice on December 27, 2001. Since then he has paid $300 to the plaintiff.
The defendant, by motion filed January 15, 2002, seeks to modify the order of support and tuition as excessive and without notice and he seeks to vacate the alimony order because it was granted when no short calendar motion for alimony pendente lite was before the court. The plaintiff, by motion for contempt filed January 25, 2002, seeks a finding of contempt, claiming that over $2200 has accrued since the order became effective and the defendant has paid only $300.
Connecticut Practice Book § 10-12 does not require service upon a non-appearing party unless new or additional claims of relief are sought. The relief granted by the court on December 17, 2001 is in accordance with the relief sought in the complaint served on November 17, 2001. While it would have been preferable to mail copies of the motions including a motion for alimony pendente lite, to the nonappearing defendant the plaintiff testified she did not know his mailing address prior to filing of the motions and no authority has been cited questioning the court's inherent authority to award alimony pendente lite absent a short calendar motion. The orders that entered became effective on December 27, 2001 pursuant to Connecticut Practice Book § 25-29.
The court finds there is due the plaintiff from December 27, 2001 to January 15, 2002 the sum of $678.30 for alimony, support and tuition, reduced by $300 paid or $378.30. From January 15, 2002 and thereafter the defendant is ordered to pay the sum of $133.04 weekly in child support. This amount deviates from the presumptive support amount based upon his current financial affidavit. It is because of his earning capacity as demonstrated in his prior position which he left voluntarily. Further he is ordered to pay tuition of $30.71 weekly for the education of the minor child. The authority for these orders is found in 46b-215a-3, Child Support Guidelines deviation criteria. The alimony order is terminated as of January 15, 2002.
The defendant's motion is granted in part and denied in part. CT Page 2970
The plaintiff's motion for contempt is denied absent evidence of a wilful failure to comply with the orders of the court. See Mallory v.Mallory, 207 Conn. 48, 57 (1988).
Potter, J.